IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
3:21CV673-GCM

| | |
|---|---|
| LISA D. CLARK, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| ALEJANDRO MAYORKAS, et al., | ) |
| Defendants. | ) |

This matter is before the Court upon Defendants' Partial Motion to Dismiss Pursuant to Federal Rule 12(b)(6), filed March 28, 2022. Plaintiff has failed to file a response in opposition and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

## I.  FACTUAL BACKGROUND

Plaintiff is a Customs and Border Patrol ("CBP") officer who transferred from New York to Charlotte in February 2018. Plaintiff's allegations, both administratively and judicially, center around her interactions with Selywn Millican ("Millican"), a CBP supervisor (though only Plaintiff's supervisor for a small portion of the time relevant to her claims).

On November 9, 2018, Plaintiff submitted a formal EEO complaint to the agency. *See* Doc No. 9-2.[1] Plaintiff's EEO complaint detailed sixteen different claims, with eleven relating to allegations she was discriminated against and subjected to a hostile work environment due to her sex and five related to a hostile work environment based on reprisal. *Id.*; *see also* Doc. Nos. 9-3 and 9-4.

---

[1] The Court may consider and take judicial notice of Plaintiff's EEO documents in ruling on the instant Motion to Dismiss. *See Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) ("In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions.").

1

On November 15, 2021, a final agency decision was issued, rejecting Plaintiff's claims in their entirety. *See* Doc. No. 9-4. The Final Agency Decision included a notice of appeal rights, including the right to appeal the decision to the EEOC within thirty days or file a civil action in federal district court within 90 days. *Id.* at pp. 16-17; *see also* Compl. at ¶ 70.

Plaintiff timely filed her judicial complaint in this action, bringing Title VII claims alleging sexual harassment (Count I), sexual harassment resulting in a hostile work environment (Count II), and retaliation for opposing the purported harassment (Count III). Plaintiff's Complaint drops certain claims made in her EEO Complaint, while adding new factual allegations outside the scope of her EEO Complaint amongst the three counts alleged.

## II.     DISCUSSION

A complaint challenged by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Id*. And the mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). Finally, when reviewing a 12(b)(6) dismissal, "[the court] must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed" and "[d]ismissal is appropriate if the law

simply affords no relief." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201–02 (10th Cir. 2011) (citations omitted).

"Title VII gives initial enforcement responsibility to the EEOC. An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005) (citing 42 U.S.C. § 2000e–5(e)(1)); *see further* 29 C.F.R. § 1614.103 *et seq.* (setting out administrative processes that federal employees must follow to pursue claims under Title VII). Once accepted, the discrimination charge is investigated administratively and a plaintiff cannot bring suit until she has exhausted the administrative process. *Chacko*, 439 F.3d at 508-09. "In any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge. If the plaintiff's Title VII claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (internal quotations and citations omitted).

Thus, while administrative complaints are often drafted by non-lawyers and as such, accorded a liberal construction, the Fourth Circuit has noted that: "Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko*, 429 F.3d at 509 (listing examples and authorities); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."). "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily

3

Case 3:21-cv-00673-GCM   Document 10   Filed 05/13/22   Page 3 of 8

substitute litigation for conciliation." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *see also Chacko*, 429 F.3d at 510 (explaining EEO's investigatory and conciliatory role).

The Court has carefully reviewed the EEO complaint and the Plaintiff's Complaint herein. There are multiple allegations in the Complaint that fall outside of her EEO complaint.

As part of her hostile work environment and retaliation claims, Plaintiff alleges that she received lower performance evaluations either (1) as retaliation for her EEO complaints or (2) because "Defendants' actions impacted [her] abilities to do her job effectively as she could have which ultimately would impact her evaluations." Compl. ¶¶ 53, 59. In turn, as part of her retaliation claim, Plaintiff asserts this affected her ability to seek promotions. *Id.* at ¶ 60.

These claims unquestionably were not raised in Plaintiff's EEO Complaint. Plaintiff never references in her EEO Complaint any performance evaluations or promotions, nor does she claim that she was treated differently in that regard based on her sex. Moreover, these claims do not reasonably relate to that complaint, which focuses on her interactions with Millican and his alleged harassment of her. Thus, Plaintiff's claims regarding her performance evaluations and/or promotional opportunities are barred for failure to exhaust her administrative remedies.

As part of her sexual harassment and retaliation claims, Plaintiff claims that she was subjected to less favorable duty positions by Millican, which purportedly included being assigned to the non-U.S. side of Customs more frequently than others. *Id.* at ¶¶ 45, 58. These allegations were not raised in her EEO Complaint and do not reasonably relate to claims that were. Accordingly these allegations are also barred for failure to exhaust.

As part of her hostile work environment claim, Plaintiff asserts she became "the subject of rumors and innuendo" and co-workers began to treat her differently. *Id.* at ¶ 52. Putting aside their lack of specificity or the actionability of such workplace gossip under Title VII, these

4

allegations were not part of Plaintiff's EEO Complaint and likewise cannot be brought in this suit. *See Chacko*, 429 F.3d 505, 511 ("The administrative charges at bottom alleged specific episodes of harassment. None of them mentioned coworker harassment or national-origin epithets); *Rodriguez v. Sec'y of Dep't of Veterans Affairs*, 605 Fed. Appx. 957, 958 (11th Cir. 2015) (holding that lawsuit allegations of "mocking" were not sufficiently related to the "discrete events including assignment of duties, performance evaluations, and compensation" plaintiff identified in her EEOC hostile work environment charge such that the EEOC was on notice of the need to investigate that claim); *Riley v. Tech. & Mgmt. Servs. Corp., Inc.*, 872 F. Supp. 1454, 1459 (D. Md. 1995), *aff'd sub nom*, 79 F.3d 1141 (4th Cir. 1996) (allegations of inappropriate comments by certain employees creating a hostile work environment found outside scope of EEO complaint).

Lastly, Plaintiff alleges in her Judicial Complaint that she was retaliated against in violation of Title VII. *See* Compl. ¶¶ 56-62. To assert a claim of retaliation under Title VII, "a plaintiff must show that (1) that the plaintiff engaged in a protected activity, such as filing a complaint with the EEOC"; (2) the employer took an adverse action against the plaintiff; and (3) "the protected activity was causally connected to the employer's adverse action." *Okoli v. City of Balt.*, 648 F.3d 216, 223 (4th Cir. 2011) (internal quotation omitted).

Even assuming Plaintiff can establish the first two factors of her retaliation claim, she pleads no facts supporting a causal connection between any action alleged in her Complaint and any protected activity. The Court will examine separately each "adverse action" Plaintiff alleges in her Complaint.

First, Plaintiff claims she was "subjected to an administrative investigation by Supervisor Millican that was later unfounded." Compl. ¶ 58. Elsewhere in her Complaint, she alleges "when

5

she rejected [Millican], he initiated various investigations against her," all of which were unfounded. *Id*. at ¶¶ 51, 44, 35, 36. Plaintiff does not allege that any purported administrative investigation was the result of or causally connected to her EEO activity. Rather, Plaintiff appears to assert Millican initiated an investigation or investigations to harass her for rejecting him, which, if true, would only support her sexual harassment or hostile work environment claims, not a retaliation claim for any protected EEO activity. Moreover, she does not allege that any administrative inquiry occurred *after* her EEO complaints.

Second, Plaintiff asserts she was "harassed and received lower evaluations, in part, due to the various complaints she filed against Defendants." *Id.* at ¶ 59. Plaintiff does not plead any factual allegations supporting what performance evaluations of hers were allegedly lower, when she received these lower evaluations, or how, why, or to what extent they were lower. Other than the entirely conclusory assertion in paragraph 59, she asserts no connection between any purportedly lower performance evaluation and her EEO activity.

A plaintiff's "allegations must be stated in terms that are neither vague nor conclusory." *Hill v. Belk Stores Servs., Inc*., 2006 WL 3694536, at *1 (W.D.N.C. Dec. 13, 2006) (granting employer's motion to dismiss for, *inter alia*, plaintiff's failure to make specific allegations supporting claim). Plaintiff has failed to plead any details related to any performance evaluations that occurred after her EEO activity. The Court finds that her vague and conclusory allegations are insufficient to support a retaliation claim.

Third, Plaintiff alleges that her purportedly lower evaluations "impacted" her "ability to seek additional promotions." Compl. ¶ 60. She likewise does not plead any details regarding what promotions were supposedly available and she sought but did not receive based on these unspecified lower performance evaluations. *See*, *e.g.*, *Williams v. Giant Food Inc*., 370 F.3d 423,

430 (4th Cir. 2004) ("If an employer has a formal system of posting vacancies and allowing employees to apply for such vacancies, an employee who fails to apply for a particular position cannot establish a prima facie case of discriminatory failure to promote."). Critically, she does not link any failure to promote to any protected EEO activity.

Last, Plaintiff alleges she was "assigned extra duties that were unfavorable more often than other employees by being assigned to the non-US side of customs more frequently than others." Compl. ¶ 58. Earlier in her Complaint, she attributes these assignments to being causally related to her rejection of Millican—rather than any protected EEO activity. *See id.* at ¶ 45 ("Plaintiff was subjected to less favorable duty positions by Supervisor Millican after she rejected his request to date him."). Plaintiff simply makes no effort to plead any causal connection between any work assignment she views as unfavorable and any protected EEO activity.

In sum, Plaintiff's allegations in support of her retaliation claim are too vague and conclusory to survive Rule 12(b)(6) review. *See Tisdale v. Enter. Leasing Company-Se., LLC*, 2013 WL 3227927, at *2 (W.D.N.C. June 25, 2013) ("Plaintiff cannot allege a claim for retaliation merely by stating his belief that he experienced retaliation . . . [A] complaint will not survive Rule 12(b)(6) review where it contains naked assertions devoid of further factual enhancement.") (internal quotations and alternations omitted); *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990) (motion to dismiss for failure to state a claim granted where complaint alleged only that Plaintiff was "required to work in places and under conditions where prejudice and bias exist," was "denied opportunities to be promoted," and was "treated poorly on the job and harassed," but lacked factual specifics). Moreover, she fails to allege any causal connection between any of her pleaded "adverse actions" and any protected EEO activity, an essential

7

element of her retaliation claim. *See Ferguson v. Town of Riverdale Park, Maryland*, 2021 WL 5742234, at *8-9 (D. Md. Dec. 1, 2021) (dismissing retaliation claim on plausibility grounds because plaintiff fails to allege facts to show a causal connection). Accordingly, the Court must dismiss Plaintiff's retaliation claim.

IT IS THEREFOR ORDERED that Defendant's Partial Motion to Dismiss is hereby GRANTED, and Plaintiff's Third Claim for Relief (retaliation) as well as her unexhausted claims as identified herein are dismissed.

Signed: May 13, 2022

Graham C. Mullen
United States District Judge